**Elvis FERATOVIC, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–41206–AG.**

United States Court of Appeals,
Second Circuit.

March 30, 2006.

Charles Christophe, New York, New York, for Petitioner.

Daniel G. Bogden, United States Attorney for the District of Nevada, Las Vegas, Nevada, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 30th day of March, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Elvis Feratovic, through counsel, petitions for review of the BIA decision affirming an immigration judge's ("IJ") denial of his claim for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evi-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

dence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003); *see also Damko v. INS,* 430 F.3d 626, 634–35 (2d Cir.2005). The IJ's findings of fact are conclusive unless any reasonable adjudicator would be compelled to find otherwise. *See* 8 U.S.C. § 1252(b)(4). The BIA's and IJ's application of law to undisputed facts are reviewed *de novo. See Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004).

In this case, the IJ found Feratovic did not suffer any past persecution on account of one of the enumerated grounds based on the facts presented at his hearing and in his asylum application. The IJ properly determined that childhood incidents Feratovic described at his hearing did not constitute persecution. *See Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (citing *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995)) ("persecution is an extreme concept that does not include every sort of treatment our society regards as offensive"). Moreover, the IJ properly noted that Feratovic failed to prove that his father's death can be considered persecution under the statute. Even if his father's death could serve as a basis for Feratovic's past persecution claim, Feratovic did not have sufficient information to prove that his father was killed on account of any of the enumerated grounds.

The IJ also determined that Feratovic was credible, and based on his credible testimony, the IJ found that Feratovic's fear of returning to Montenegro was not objectively reasonable because country conditions in Montenegro had significantly changed since he applied for asylum in 1999. First, Feratovic stated that he was afraid to return to Montenegro because he feared conscription into the army in Montenegro. The IJ's decision was very clear and thoroughly cited documents in the record in support of his finding that Monten-

egro is no longer at war and that Montenegro currently has a good human rights record.

Feratovic argues that the IJ erred in relying too heavily on the U.S. Department of State reports. However, an IJ may properly rely on U.S. Department of State reports as probative evidence so long as the IJ does not ignore other potentially contrary, relevant country condition reports in the record. *See Yan Chen v. Gonzales,* 417 F.3d 268, 274–75 (2d Cir. 2005); *cf. Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004). In this case, the IJ thoroughly considered all of the documents in support of Feratovic's claim, and the IJ's findings are supported by the documents in the record.

Feratovic also indicated that he fears returning to Montenegro because he may be able to determine who killed his father and those individuals would then retaliate against him for learning their identity. The IJ properly noted that Feratovic did not present any evidence that there is a reasonable likelihood of learning the identity of his father's killers or a reasonable likelihood that they would retaliate against him. Moreover, the IJ noted that because Feratovic did not prove why his father was killed, he also did not prove that any possible retaliation would be on account of one of the enumerated grounds.

This Court does not have jurisdiction over Feratovic's withholding of removal or CAT claims because they were not exhausted before the BIA as required by 8 U.S.C. § 1252(d)(1). *See Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

The IJ's decision in this case is extremely well-reasoned, thorough, and supported by the record. Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).